# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EUNICE DARLENE FLOYD,**

      **Plaintiff,**

**v.**                                                   **Case No: 6:14-cv-1903-Orl-41DAB**

**NORTHEAST FLORIDA HEALTH SERVICES, INC., KATHY WILKES, CHERI BOYD, KELLY GRAHAM and MARIA ORTIZ,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     Motion for Leave to Proceed in forma pauperis (Doc. No. 2)
>
> **FILED:**     November 19, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Taking another bite at the apple, *pro se* Plaintiff Eunice Darlene Floyd files the third iteration of her race discrimination claims arising out of her employment at the Defendant Northeast Florida Health Services, Inc. ("NEFHS"), and treatment by Defendant employees there[1].

---

[1] In Plaintiff's second-filed case, Case No. 6:14-cv-1062, she alleges race discrimination, harassment, and retaliation when she was allegedly refused healthcare treatment by Defendant, her former employer, who also served as her healthcare provider. Doc. 1. Plaintiff was ordered to file an amended complaint in light of her unsigned sixty-five page, single-spaced document which generically cited to various employment discrimination statutes without any specific connection to her particular claims. She appealed that ruling to the District Judge, and the appeal remains pending.

In reviewing an application to proceed *in forma pauperis*, the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). On August 19, 2014, in Plaintiff's original case, Case No. 6:13-cv-655-Orl-41DAB, District Judge Mendoza adopted this Court's recommendation and granted summary judgment to Defendant on Plaintiff's race discrimination and retaliation claims. Because Plaintiff's race discrimination claims in this third case are barred by the doctrine of *res judicata*, she fails to state a claim upon which relief can be granted and her Motion to Proceed In Forma Pauperis should be **DENIED**.

### *Res judicata*

In her original case filed on April 23, 2013, Plaintiff alleged claims under Title VII for race discrimination, harassment by members of management (hostile work environment), and retaliatory termination based on her employment with Defendant. She now raises the same claims in this third case against the same Defendant for the same conduct, but alleges the same conduct violates 42 U.S.C. § 1981, which bars race discrimination.

*Res judicata* not only bars claims decided on the merits but also claims that s*hould have been raised* in the previous litigation. *See McKinnon v. Blue Cross and Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991)("Res judicata is a doctrine of claim preclusion which operates to prevent litigation of matters that were raised or should have been raised in an earlier suit."). "The purpose behind the doctrine of res judicata is that the full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quotations and

alteration omitted).   Four elements are required for res judicata to bar a subsequent suit: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).   "A final decision is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"   *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir.1983) (citation omitted).   A dismissal without prejudice is not an adjudication on the merits and thus does not have a res judicata effect. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).   As to the fourth prerequisite, whether the causes of action in both suits are identical, the inquiry is not only whether both cases advance precisely the same legal theory, but also whether the legal theories and claims arise out of "the same nucleus of operative fact." *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir.1990)

Here, Judge Mendoza's previous decision in Case No. 13-cv-655 was obviously rendered by "a court of competent jurisdiction"[2]; (2) the parties are identical in both Case No. 13-cv-655 and the instant case; and (3) the same causes of action – race discrimination, hostile work environment, and retaliation – are involved in both cases.  The case of *Dinkins v Leavitt* illustrates an almost identical factual situation in which *res judicata* was applied to bar the plaintiff's subsequent race claims under § 1981 after her Title VII claims had been dismissed on the merits.   2008 WL 447503 (N.D. Ga. Feb. 13, 2008)*, aff'd* 315 Fed. Appx. 171 (11th Cir. 2008).   The *pro se* plaintiff brought race discrimination and hostile environment claims under Title VII arising out of her employment with the defendant.   *Id.*   After her claims were disposed of on the merits at summary judgment, the plaintiff filed a new case arising out of the same employment issues against the same defendant, but

---

[2] *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003) (noting that there is "no question" that a federal court is court of competent jurisdiction).

asserting her race discrimination claims the second time under § 1981. The court held that plaintiff could have raised the § 1981 claims in the previous discrimination suit but had opted not to raise them; thus, they were barred by the doctrine of *res judicata*. *Id.*

Similarly, in this case, Plaintiff's race-based discrimination claims, arising out of her employment at NEFHS from September 2009 to November 2010, were considered on the merits, and summary judgment was granted to Defendant on August 19, 2014 based on this Court's 37 page Report and Recommendation and Judge Mendoza's careful *de novo* consideration of the Report, along with Plaintiff's objections and Defendant's Response. Case No. 6:13-cv-655, Doc. 53 (adopting Report and Recommendation, Doc. 45). Although Plaintiff filed a Notice of Appeal, Judge Mendoza ultimately rejected her petition to proceed without payment of the appellate filing fee and certified her appeal was not take in good faith on November 12, 2014. Doc. 59.

One week later, on November 19, 2014, Plaintiff filed the new Complaint in this case alleging the same race discrimination, hostile work environment, and retaliation claims, arising out of "the same nucleus of operative fact," *i.e.,* her September 2009 to November 2010 employment with Defendant; the only difference was that she alleged the same conduct violated 42 U.S.C. § 1981, and she asserted claims against several allegedly supervisory personnel[3]. The citation to a new statute and the addition of additional defendants who were supervisors do not change the application of res judicata. In *Elkadrawy v. Vanguard Group, Inc.*, the Third Circuit held that a former employee's subsequent § 1981 alleging race and national origin discrimination arose from same set of facts as his prior Title VII claim against his employer for purposes of res judicata, even though the § 1981 claims involved supervisors, since the new § 1981 claims could have been brought

---

[3] Plaintiff's non-supervisory coworkers would be dismissed because a coworker cannot be held individually liable under § 1981 for race discrimination, hostile work environment, or retaliation. *See, e.g., Miller v. Wachovia Bank, N.A.*, 541 F.Supp.2d 858 (N.D.Tex. 2008) citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268 (5th Cir. 1997) ("[I]ndividuals should be held liable under § 1981 only when they are essentially one and the same with the employer; that is when they have the capacity to make and enforce the contract between the employer and the employee.").

in the prior Title VII complaint, and the claims arose out of single employment relationship, involving some form of race or national origin based discrimination. 584 F.3d 169 (3d Cir. 2009) "[R]es judicata bars not only claims that were brought in the previous action, but also claims that *could have* been brought." *Id.*

For the reasons stated above, Plaintiff's § 1981 claims are barred by the doctrine of *res judicata*. It is respectfully **RECOMMENDED** that her Motion to Proceed In Forma Pauperis be **DENIED** and her claims be **DISMISSED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 11, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy