UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EUNICE DARLENE FLOYD,**

      **Plaintiff,**

v.                                         **Case No: 6:14-cv-1903-Orl-41DAB**

**NORTHEAST FLORIDA HEALTH SERVICES, INC., KATHY WILKES, CHERI BOYD, KELLY GRAHAM and MARIA ORTIZ,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). United States Magistrate Judge David A. Baker issued a Report and Recommendation ("R&R," Doc. 5), recommending that the Motion be denied and the claims be dismissed on the basis of res judicata. Plaintiff filed Objections (Doc. 6) to the R&R. As set forth below, the R&R will be adopted and Plaintiff's Complaint will be dismissed with prejudice.

### I. BACKGROUND

This is Plaintiff's third case against, among others, her former employer Northeast Florida Health Services, Inc. ("NFHS"). The first case, Case No. 6:13-cv-00655-Orl-41DAB (the "655 Case"), asserted claims of employment discrimination, harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, (655 Case Am. Compl., Doc. 23), and serves as the basis for the Magistrate Judge's recommendation that the current case be dismissed pursuant to the doctrine of res judicata. In this case, Plaintiff brings the same employment-based claims against NFHS but asserts the claims under 42 U.S.C. § 1981,

rather than Title VII. Plaintiff has also added four individuals who were employed by NFHS with Plaintiff as Defendants.

Summary judgement was granted in favor of NFHS in the 655 Case, (655 Case, Doc. 53), and Plaintiff appealed, (655 Case, Doc. 54). When Plaintiff's request to proceed *in forma pauperis* on appeal was denied, (655 Case, Doc. 59), Plaintiff initiated this case, reasserting her employment discrimination claims.[1]

## II.   ANALYSIS

In his well-reasoned R&R, the Magistrate Judge concludes that Plaintiff's claims are barred by res judicata. In her Objections, Plaintiff argues that her Complaint should not be dismissed on that basis because (1) there was no final judgment on the merits of her previous claims, (2) the parties in this case and the previous case are not identical, and (3) her claims in this case are based on a different statute than those in her previous case. Plaintiff's objections are legally incorrect.

Plaintiff first argues that there was no judgment on the merits of the 655 Case because the decision granting summary judgment in favor of NFHS is currently pending on appeal. This argument has no legal basis. "The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (quotation omitted); *see also Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 12-81275-CV, 2013 WL 6189181, at *2 (S.D. Fla. Nov. 26, 2013) ("That the judgment is on appeal does not vitiate its finality.").

As to the addition of allegedly supervisory personnel, the R&R thoroughly explains why such an addition is insufficient to overcome res judicata. (R&R at 4–5). Plaintiff's § 1981 claims

---

[1] In the meantime, Plaintiff filed the second of three cases against NFHS, 6:14-cv-1062-Orl-41DAB, asserting a myriad of incomprehensible claims, including claims under both Title VII and § 1981.

could have been brought in the prior Title VII Complaint, the claims arose out of a single employment relationship, and they involve essentially the same claims of discrimination. (*Id.* (citing *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169 (3d Cir. 2009))). The mere fact that Plaintiff is now trying to assert the same claims against individuals with whom she worked is insufficient to evade the application of res judicata. (*Id.*).

Finally, the mere fact that Plaintiff brings claims under § 1981, rather than Title VII is of no consequence. Plaintiff's § 1981 claims could have been brought in the previous case and are nearly identical to the claims previously asserted. Accordingly, for the reasons set forth in this Order and the R&R, Plaintiff's employment-based § 1981 claims are barred by the doctrine of res judicata.

### III. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 5) is **ADOPTED** and **CONFIRMED** and made part of this order.
2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.
3. Plaintiff's Complaint is **DISMISSED with prejudice**.
4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party